Filed 3/19/26  P. v. Phillips CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B339154 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA075295) |
| v. | |
| CAMERON PHILLIPS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa Strassner, Judge.  Reversed and remanded.

Law Office of Brad Poore and Brad J. Poore under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

---

**MEMORANDUM OPINION[1]**

On April 12, 2019, appellant Cameron Phillips pled no contest to one count of driving under the influence of an alcoholic beverage and causing bodily injury. (Veh. Code, § 23153, subd. (a).) On May 3, 2019, the trial court imposed a stipulated midterm sentence of two years, suspended execution of the sentence, and placed appellant on five years of probation.

On April 18, 2024, the court revoked appellant's probation pending a probation violation hearing. After that contested hearing on June 3, 2024, the trial court found appellant in violation of his probation conditions, terminated probation, and imposed the previously suspended two-year sentence. Appellant timely appealed.

While appellant was serving his five-year term of probation, the Legislature amended the statute governing probation, section 1203.1. The previous version of the statute allowed the trial court to grant probation "for a period of time not exceeding the maximum term for which the person could be imprisoned," or "'not over five years'" for an offense with a

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We do not recite the full factual and procedural background because our opinion is unpublished and the parties are familiar with the facts of the case and its procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].) Undesignated statutory references are to the Penal Code.

maximum sentence of five years or less.  (*People v. Faial* (2025) 18 Cal.5th 199, 207 (*Faial*).)  Under the amended version of section 1203.1, the relevant portion of which took effect January 1, 2021, the maximum term of probation a trial court may impose for most felony offenses is "a period of time not exceeding two years."  (§ 1203.1, subd. (a); *Faial, supra*, 18 Cal.5th at p. 207.)  Appellant's offense of conviction is one for which the trial court may now impose a maximum probation term of three years. (See § 1203.1, subd. (*l*)(1); *People v. Kite* (2023) 87 Cal.App.5th 986, 994-998.)

In *People v. Prudholme* (2023) 14 Cal.5th 961, 979, the Supreme Court held that the "new limitations on the maximum term of probation in amended section 1203.1 should be applied to existing, nonfinal plea agreements while otherwise maintaining the remainder of the bargain."  (See also *id.* at pp. 963, 969.)  In *Faial*, the Court further clarified that probation terms exceeding those permitted under amended section 1203.1 "effectively end[ ] by operation of law" on the date of the maximum term now authorized.  (*Faial, supra*, 18 Cal.5th at p. 218.)  The parties agree, as do we, that under these precedents, appellant's probation ended by operation of law on May 3, 2022, three years after it was imposed, and nearly two years before the trial court revoked it.

"Once probation ends, . . . a court's power is significantly attenuated. Its power to impose a sentence over the defendant ceases entirely. . . ."  (*People v. Chavez* (2018) 4 Cal.5th 771, 782; see also § 1203.3, subd. (a) [court has jurisdiction to revoke probation "during the term of probation"].)  The court's June 3, 2024 order terminating appellant's probation and ordering execution of the suspended sentence was therefore erroneous.

3

The "collateral effect" of the retroactive application of amended section 1203.1 "is to 'undo' or 'unravel' the orders terminating [appellant's] probation and ordering execution of the suspended sentence." (*Faial, supra*, 18 Cal.5th at p. 218.) "Thus, if a probation term is shortened . . . under amended section 1203.1, conduct that would have constituted a probation violation, but is now deemed to have occurred outside this term, may not be the basis for terminating that probation." (*Id*. at p. 220.)

We accordingly reverse the order finding appellant in violation of probation, terminating probation, and imposing the suspended sentence. We remand the matter to the trial court with directions to vacate the order and resentence appellant in accordance with section 1203.1 and other relevant provisions. The parties agree that at resentencing, the court should modify appellant's term of probation to three years, set aside the prison sentence, reinstate probation, and terminate probation.

## DISPOSITION

The June 3, 2024 order finding appellant in violation of probation, terminating probation, and imposing the suspended sentence is reversed. The matter is remanded for proceedings consistent with this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

ZUKIN, P. J.                    TAMZARIAN, J.

4